IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

EX REL TERRANCE GRIFFIN

(Write the full name of each plaintiff who is filing
this complaint. If the names of all the plaintiffs
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names.)

-against-

WILLIE DAVIS; JEANETTE GLENN-EVELYN; NICK JACKSON; JOHN DOE BOLLICK; TEQUILA RHODES ET AL.

(Write the full name of each defendant who is
being sued. If the names of all the defendants
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names. Do not include
addresses here.)

**Complaint for Violation of Civil Rights**
(Prisoner Complaint)

Case No. _____
(to be filled in by the Clerk's Office)

Jury Trial:    ☑ Yes    ☐ No
(check one)

## NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

When submitted for filing, your complaint should be accompanied by the full filing fee or an application to proceed in *forma pauperis.*

1

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name    *EX REL. TERRANCE GRIFFIN*

All other names by which you have been known:

ID Number    *327735*
Current Institution
Address

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1
Name    *WILLIE DAVIS*
Job or Title    *REGIONAL DIRECTOR*
(if known)
Shield Number
Employer    *S.C. DEPT. OF CORRECTIONS ("SCDC")*
Address    *4444 BROAD RIVER RD.*
*COLUMBIA, SC 29210*

☑ Individual capacity    ☑ Official capacity
*(INJUNCTIVE RELIEF)*

Defendant No. 2
Name    *JEANETTE GLENN-EVELYN*

2

Job or Title (if known)    ASSOCIATE WARDEN ("A.W.") OF SECURITY

Shield Number

Employer    S.C. DEPT. OF CORRECTIONS ("SCDC")

Address    100-200 PRISON RD. ENOREE, SC 29335

☑ Individual capacity    ☑ Official capacity

(INJUNCTIVE RELIEF)

Defendant No. 3

Name    NICK JACKSON

Job or Title (if known)    CONTRABAND INTELLIGENCE

Shield Number

Employer    S.C. DEPT. OF CORRECTIONS ("SCDC")

Address    100-200 PRISON RD. ENOREE, SC 29335

☑ Individual capacity    ☐ Official capacity

Defendant No. 4

Name    JOHN DOE BOLLICK

Job or Title (if known)    CONTRABAND OFFICER

Shield Number

Employer    S.C. DEPT. OF CORRECTIONS ("SCDC")

Address    100-200 PRISON RD. ENOREE, SC 29335

☑ Individual capacity    ☐ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

3

U.S. DISTRICT COURT CASE NO.

I. PARTIES TO COMPLAINT

B. DEFENDANT NO. 5
NAME: TEQUILA RHODES-INDIVIDUAL CAPACITY
JOB OR TITLE: LIEUTENANT/DISCIPLINARY HEARING RECORDER
EMPLOYER: S.C. DEPT. OF CORR. ("SCDC")
ADDRESS: 100-200 PRISON RD.
ENOREE, SC 29335

DEFENDANT NO. 6
NAME: JONATHAN NANCE-INDIVIDUAL & OFFICIAL CAPACITY
JOB OR TITLE: WARDEN
SHIELD NUMBER:
EMPLOYER: S.C. DEPT. OF CORR. ("SCDC")
ADDRESS: 100-200 PRISON RD.
ENOREE, SC 29335

DEFENDANT NO. 7
NAME: JOHN DOE WALL-INDIVIDUAL CAPACITY
JOB OR TITLE: CONTRABAND OFFICER
SHIELD NUMBER:
EMPLOYER: S.C. DEPT. OF CORR. ("SCDC")
ADDRESS: 100-200 PRISON RD.
ENOREE, SC 29335

DEFENDANT NO. 8
NAME: JOHN/JANE DOE MYERS-INDIVIDUAL CAPACITY
JOB OR TITLE: LIEUTENANT
SHIELD NUMBER:
EMPLOYER: S.C. DEPT. OF CORR. ("SCDC")
ADDRESS: 100-200 PRISON RD.
ENOREE, SC 29335

DEFENDANT NO. 9
NAME: JOHN DOE MARTINEZ-INDIVIDUAL CAPACITY
JOB OR TITLE: SERGEANT
SHIELD NUMBER:
EMPLOYER: S.C. DEPT. OF CORR. ("SCDC")
ADDRESS: 100-200 PRISON RD.
ENOREE, SC 29335

**LEGAL**

**GRIFFIN-327735**

U.S. DISTRICT COURT CASE NO.

I. PARTIES TO COMPLAINT

B. DEFENDANT NO. 10
NAME: JANICE CRUMLEY - INDIVIDUAL CAPACITY
JOB OR TITLE: GRIEVANCE COORDINATOR
SHIELD NUMBER:
EMPLOYER: S.C. DEPT. OF CORR. ("SCDC")
ADDRESS: 100-200 PRISON RD.
ENOREE, SC 29335

DEFENDANT NO. 11
NAME: DENNIS PATTERSON - INDIVIDUAL & OFFICIAL CAPACITY
JOB OR TITLE: ASSISTANT DEPUTY DIRECTOR OF OPERATIONS
SHIELD NUMBER:
EMPLOYER: S.C. DEPT. OF CORR. ("SCDC")
ADDRESS: 4444 BROAD RIVER RD.
COLUMBIA, SC 29210

DEFENDANT NO. 12
NAME: TONYA JAMES - INDIVIDUAL & OFFICIAL CAPACITY
JOB OR TITLE: WARDEN
SHIELD NUMBER:
EMPLOYER: S.C. DEPT. OF CORR. ("SCDC")
ADDRESS: 4848 GOLDMINE HWY
KERSHAW, SC 29067

DEFENDANT NO. 13
NAME: JASON SMITH - INDIVIDUAL CAPACITY
JOB OR TITLE: ASSOCIATE WARDEN ("A.W.") OF SECURITY
SHIELD NUMBER:
EMPLOYER: S.C. DEPT. OF CORR. ("SCDC")
ADDRESS: 4848 GOLDMINE HWY
KERSHAW, SC 29067

DEFENDANT NO. 14
NAME: JANE DOE MCDUFFIE - INDIVIDUAL CAPACITY
JOB OR TITLE: ASSOCIATE WARDEN (A.W.) OF PROGRAMS
SHIELD NUMBER:
EMPLOYER: S.C. DEPT. OF CORR.
ADDRESS: 4848 GOLDMINE HWY
KERSHAW, SC 29067

LEGAL

GRIFFIN-327735

U.S. DISTRICT COURT  CASE NO.

I. PARTIES TO COMPLAINT

B. DEFENDANT NO. 15
NAME: TAMMY JONES-INDIVIDUAL CAPACITY
JOB OR TITLE: CAPTAIN
SHIELD NUMBER:
EMPLOYER: S.C. DEPT. OF CORR. ("SCDC")
ADDRESS: 4848 GOLDMINE HWY
KERSHAW, SC 29067

DEFENDANT NO. 16
NAME: MATTHEW DAVIS-INDIVIDUAL CAPACITY
JOB OR TITLE: LIEUTENANT
SHIELD NUMBER: 4848 GOLDMINE HWY EX REL. TGC
EMPLOYER: S.C. DEPT. OF CORR. ("SCDC")
ADDRESS: 4848 GOLDMINE HWY
KERSHAW, SC 29067

DEFENDANT NO. 17
NAME: MEREDITH JOHNSON-INDIVIDUAL CAPACITY
JOB OR TITLE: CLASSIFICATION/CASEWORKER
SHIELD NUMBER:
EMPLOYER: S.C. DEPT. OF CORR. ("SCDC")
ADDRESS: 4848 GOLDMINE HWY
KERSHAW, SC 29067

DEFENDANT NO. 18
NAME: PAMELA HOUGH-INDIVIDUAL CAPACITY
JOB OR TITLE: DISCIPLINARY HEARING OFFICER
SHIELD NUMBER:
EMPLOYER: S.C. DEPT. OF CORR. ("SCDC")
ADDRESS: 4848 GOLDMINE HWY
KERSHAW, SC 29067

DEFENDANT NO. 19
NAME: CATHERINE ANNASON-INDIVIDUAL CAPACITY
JOB OR TITLE:
SHIELD NUMBER:
EMPLOYER: S.C. DEPT. OF CORR. ("SCDC")
ADDRESS: 4848 GOLDMINE HWY
KERSHAW, SC 29067

LEGAL

GRIFFIN-327735

U.S. DISTRICT COURT CASE NO.

I. PARTIES TO COMPLAINT

B. DEFENDANT NO. 20
NAME: JANE DOE HENDRIX- INDIVIDUAL CAPACITY
JOB OR TITLE: INSTITUTIONAL GRIEVANCE COORDINATOR
SHIELD NUMBER:
EMPLOYER: S.C. DEPT. OF CORR. ("SCDC")
ADDRESS: 4848 GOLDMINE HWY
KERSHAW, SC 29067

DEFENDANT NO. 21
NAME: JOHN OWEN- INDIVIDUAL CAPACITY
JOB OR TITLE: FOOD SERVICE SPECIALIST
SHIELD NUMBER:
EMPLOYER: SC DEPT. OF CORR. ("SCDC")
ADDRESS: 4848 GOLDMINE HWY
KERSHAW, SC 29067

DEFENDANT NO. 22
NAME: JOHN DOE WHEATON- INDIVIDUAL CAPACITY
JOB OR TITLE: QUALIFIED MENTAL HEALTH PROFESS
IONAL
SHIELD NUMBER:
EMPLOYER: SC DEPT. OF CORR. ("SCDC")
ADDRESS: 4848 GOLDMINE HWY
KERSHAW, SC 29067

DEFENDANT NO. 23
NAME: KEVIN BURNHAM- INDIVIDUAL CAPACITY
JOB OR TITLE: PHYSICIAN ASSISTANT
SHIELD NUMBER:
EMPLOYER: S.C. DEPT. OF CORR. ("SCDC")
ADDRESS: 4848 GOLDMINE HWY
KERSHAW, SC 29067

DEFENDANT NO. 24
NAME: SHERRY MACKEY- INDIVIDUAL CAPACITY
JOB OR TITLE: RHU COORDINATOR
SHIELD NUMBER:
EMPLOYER: S.C. DEPT. OF CORR.
("SCDC")
ADDRESS: 4444 BROAD RIVER RD.
COLUMBIA, SC 29210

LEGAL

GRIFFIN-327735

U.S. DISTRICT COURT   CASE NO.

I. PARTIES TO COMPLAINT

B. DEFENDANT NO. 25
NAME: ANDREA FOSTER-INDIVIDUAL CAPACITY
JOB OR TITLE: DISCIPLINARY HEARING OFFICER
SHIELD NUMBER:
EMPLOYER: S.C. DEPT. OF CORR. ("SCDC")
ADDRESS: 4848 GOLDMINE HWY 200 PRISON RD.
KERSHAW, ENOREE, SC 29335
EX REL T. G.

DEFENDANT NO. 26
NAME: JANE DOE NAVIB-INDIVIDUAL CAPACITY
JOB OR TITLE: FOOD SERVICE SPECIALIST
EMPLOYER: S.C. DEPT. OF CORR. ("SCDC")
ADDRESS: 4848 GOLDMINE HWY
KERSHAW, SC 29067

DEFENDANT NO. 27
NAME: JOHN/JANE DOE CASH-GREENE-INDIVIDUAL CAPACITY
JOB OR TITLE: SUPERINTENDENT
EMPLOYER: PALMETTO UNIFIED SCHOOL DISTRICT
ADDRESS: 1735 HAVILAND CIRCLE
COLUMBIA, SC 29210

DEFENDANT NO. 28
NAME: FALISHA MEEKS-INDIVIDUAL CAPACITY
JOB OR TITLE: MAJOR
EMPLOYER: S.C. DEPT. OF CORR. ("SCDC")
ADDRESS: 4848 GOLDMINE HWY
KERSHAW, SC 29067

DEFENDANT NO. 30
NAME: JOHN DOE COTTON-INDIVIDUAL CAPACITY
JOB OR TITLE: QUALIFIED MENTAL HEALTH PERSON
EMPLOYER: 4848 S.C. DEPT. OF CORR. ("SCDC")
ADDRESS: 4848 GOLDMINE HWY
KERSHAW, SC 29067

A.    Are you bringing suit against *(check all that apply)*:

☐    Federal officials (a *Bivens* claim)

☑    State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

(1) INTRACORPORATE CONSPIRACY; (2) PROCEDURAL DUE PROCESS; (3) RETALIATION; (4) ACCESS TO THE COURT(S); (5) SERIOUS MEDICAL NEED; (6) CONDITIONS OF CONFINEMENT; (7) CAMPAIGN OF HARASSMENT

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

_____

_____

_____

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

(SEE ATTACHED STATEMENT OF FACTS)

_____

_____

## III.    Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐    Pretrial detainee

☐    Civilly committed detainee

☐    Immigration detainee

4

☑ Convicted and sentenced state prisoner

☐ Convicted and sentenced federal prisoner

☐ Other *(explain)* _____

## IV.    Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.    If the events giving rise to your claim arose outside an institution, describe where and when they arose.

SEE STATEMENT OF FACTS

B.    If the events giving rise to your claim arose in an institution, describe where and when they arose.

SEE ATTACHED STATEMENT OF FACTS

C.    What date and approximate time did the events giving rise to your claim(s) occur?

SEE ATTACHED STATEMENT OF FACTS

D.    What are the facts underlying your claim(s)? *(For example:  What happened to you? Who did what?  Was anyone else involved?  Who else saw what happened?)*

SEE ATTACHED STATEMENT OF FACTS

5

---

---

---

---

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.



LOSS OF PROPERTY, WRONGFUL DETENTION, DENIAL OF ACCESS TO ADMINISTRATIVE LAW COURT ("ALC"), AND IRREPARABLE HARM (I.E. EXACERBATION OF MENTAL & EMOTIONAL DIAGNOSIS). PAIN & SUFFERING FROM LEFT EYE SUBCONJUNCTIVAL HEMMORAGE FOR 3-4 WEEKS. DETAINED UNDER UNSANITARY LIVING CONDITIONS FOR MONTHS; WITH NO OUTSIDE RECREATION. UNHEALTHY LIVING CONDITIONS FOR MONTHS, ECONOMIC LOSS

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.



INJUNCTIVE RELIEF AGAINST DEFENDANT DAVIS & GLENN-EVELYN TO RETURN CLAIMANT'S PHONE CONTACT BOOKS & LEGAL DOCUMENTS. AN ACTUAL & PUNITIVE DAMAGES IN AN AMOUNT TO BE DETERMINE BY A JURY. DECLARATORY JUDGEMENT. INJUNCTIVE RELIEF AGAINST DEFENDANTS JAMES & OWEN

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

6

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑    Yes

☐    No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

TYGER RIVER CORR. INST. (TYRCI) & KERSHAW CORR. INST. (KERCI)

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑    Yes

☐    No

☐    Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑    Yes

☐    No

☐    Do not know

If yes, which claim(s)?

PROCEDURAL DUE PROCESS, REPRISAL/RETALIATION, CONDITIONS OF CONFINEMENT AND MEDICAL CARE.

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑    Yes

☐    No

7

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☑ Yes

☐ No

E.    If you did file a grievance:

1.    Where did you file the grievance?

"TYRCI" GRIEVANCE COORDINATOR & "KIRCI" COORDINATOR (GRIEVANCE); ADMINISTRAT-IVE LAW COURT (ALC-KIRCI-0125-25)

2.    What did you claim in your grievance?

LEGAL CLAIMS 1-7 UNDER SECTION B ON PAGE 4; ALSO SEE ATTACHED STATE-MENT OF FACTS.

3.    What was the result, if any?

"RUBBER STAMPED" DENIALS/RESPONSES. GRIEVANCES ARE OFTEN THWARTED BY STAFF; TO PREVENT TAKING ADVANTAGE OF A GRIEVANCE PROCESS.

4.    What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

CLAIMANT APPEALED AVAILABLE GRIEVANCES TO STEP TWO (FINAL DECISION). OTHER GRI-EVANCES WERE MACHINATED BY GRIEVANCE COORDINATOR OR "OPERATES AS A SIMPLE DEAD END."

8

F.    If you did not file a grievance:

1.    If there are any reasons why you did not file a grievance, state them here:



SEE SECTION(S) E#3&4

2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:



KIOSK AUTOMATED REQUEST TO STAFF MEMBER ("ARTSM") INFORMED TYNCI & KRDCI SUPERVISORY OFFICIALS; WHILE ASSIGNED AT EACH LOCATION.

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

SEE SECTION(S) E#3&4

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐  Yes

  No

9

If so, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

_____

_____

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☑ Yes ( CONDITIONS OF CONFINEMENT )

☑ No
EX REL. T.G.

B.  If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit

Plaintiff(s) __EX REL. TERRANCE GRIFFIN__

Defendant(s) __RYSHEMA DAVIS ET AL.__

2.  Court *(if federal court, name the district; if state court, name the county and State)*

__U.S. DISTRICT COURT - DISTRICT OF SOUTH CAROLINA__

3.  Docket or index number

__0:23-CV-04086__

4.  Name of Judge assigned to your case

__PAIGE JONES GOSSETT & MARY GEIGER LEWIS__

5.  Approximate date of filing lawsuit

__8/17/2023__

6.  Is the case still pending?

☑ Yes

☐ No

If no, give the approximate date of disposition. _____

10

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

_____

C.    Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☑    Yes (SEE PUBLIC RECORDS)

☐    No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit

Plaintiff(s)    EX REL. TERRANCE GRIFFIN

Defendant(s)    RYSHEMA DAVIS ET AL

2.    Court *(if federal court, name the district; if state court, name the county and State)*

U.S. DISTRICT COURT - DISTRICT OF SOUTH CAROLINA

3.    Docket or index number

C/A NO. 0:23-CV-04086

4.    Name of Judge assigned to your case

PAIGE JONES GOSSETT & MARY GEIGER LEWIS

5.    Approximate date of filing lawsuit

17 AUG 2023

6.    Is the case still pending?

☑    Yes

☐    No

11

If no, give the approximate date of disposition. _____

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

_____

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: JULY 2 , 2025    UCC1-207/1-308

Signature of Plaintiff _Ex Rel. Terrance Cufton_

Printed Name of Plaintiff _EX REL TERRANCE GUFTIN_

Prison ~~Identification~~ # _327735_

Prison Address _4848 GOLDMINE HWY_

_KERSHAW_    _SC_    _29067_
City    State    Zip Code

### B.    For Attorneys

Date of signing: _____, 20__ .

Signature of Attorney _____

Printed Name of Attorney _____

Bar Number _____

Name of Law Firm _____

12

IN THE U.S. DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

EX REL TERRANCE GRIFFIN           C/A NO.
#327735 CLAIMANT,

V.                                        COMPLAINT FOR
                                          INTRACORPORATE
WILLIE DAVIS; DENNIS PATTERSON;           CONSPIRACY; CAMPAIGN
SHERRY MACKEY; JONATHAN NANCE;            OF HARASSMENT; EQUAL
TONYA JAMES; ET AL.                       EDUCATION OPPORTUNITY
            DEFENDANTS.                   ACT; DUE PROCESS; &
                                          RETALIATION

TO: ROBIN L. BLUME, CLERK OF COURT

        EX REL. CLAIMANT TERRANCE GRIFFIN BRINGS
THIS CIVIL RIGHTS ACTION PURSUANT TO 42 U.S.C. §
1983, AND APPLICABLE STATE LAW CLAIMS AGAINST
THE ABOVE-CAPTION DEFENDANTS FOR: (1) CAMPAIGN
OF HARASSMENT; EQUAL EDUCATION OPPORTUNITY ACT;
(3) DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL
NEED; (4) DUE PROCESS; (5) INTRACORPORATE CON-
SPIRACY; AND (6) RETALIATION.

            STATEMENT OF FACTS

1) SINCE 10/31/15 DEFENDANT DAVIS HAS A PERSONAL
VENDETTA AGAINST CLAIMANT. CLAIMANT REPORTED
DEFENDANT DAVIS FOR EXCESSIVE USE OF FORCE;
DURING AN ESCORT TO THE RHU, FOR POSSESSION OF
A WEAPON. WHILE RESTRAINED DEFENDANT DAVIS
RAMMED-RUSHED CLAIMANT INTO A GLASS ENTRANCE
AT THE LEE COUNTY C.I.'S RHU, THEN THREATEN THAT
LEE STAFF "SHOULD HAVE BUSTED CLAIMANT'S HEAD!"
ONCE IN THE RHU HOLDING-CELL DEFENDANT DAVIS
PLACED HIS KNEE IN THE CENTER OF CLAIMANT'S BACK,
AND EXTENDED BOTH OF HIS ARMS, WHILE RESTRAINED;
ATTEMPTING TO CAUSE CLAIMANT HARM. CLAIMANT'S
ARISM (KIOSK REQUEST) NO. 15-880180 WAS NEVER INVEST-
IGATED BY THOSE RESPONSIBLE.

**LEGAL**

**GRIFFIN-327735**

1

STATEMENT OF FACTS  C/X NO.

1) DEFENDANT DAVIS ABUSES HIS POSITION AS A REGIONAL DIRECTOR; BY ALLOWING "WIDESPREAD" ENFORCEMENT OF "INSTITUTIONAL" POLICIES BY DEFENDANT: NANCE, GLENN-EVELYN, JAMES, SMITH, AND MCDUFFIE; AGAINST CLAIMANT & THOSE SIMILARLY SITUATED, TO GO UNCHECKED. DEFENDANT DAVIS WAS CONSTANTLY CONCURRED WITH RUBBER-STAMPED GRIEVANCES FILED BY CLAIMANT TO THWART HIM FROM TAKING ADVANTAGE OF A GRIEVANCE PROCESS. (SEE EXH.)

CAMPAIGN OF HARASSMENT; EQUAL EDUCATIONAL OPPORTUNITY; DUE PROCESS; INTRACORPORATE CONSPIRACY; & RETALIATION AGAINST TYGER RIVER DEFENDANTS

2) ON 6/12/24 DEFENDANT RHODES WAS ASSIGNED AS UNIT 9'S SUPERVISOR & DISCIPLINARY HEARING-RECORDER. PRIOR TO HER ATTEMPT TO SERVE CLAIMANT FOR A 903 OFFENSE CLAIMANT HAD FILED GRIEVANCE NO.'S TYRCI-010-23, TYRCI-0083-23, AND NUMEROUS RTSM'S (_____ REQUEST TO STAFF MEMBERS); PROTESTING THE MISTREATMENT & LIVING CONDITIONS WITHIN UNIT 9. ON SEVERAL OCCASIONS DEFENDANT RHODES SHOWED HOSTILITY (VERBALLY) TOWARDS CLAIMANT FOR HIS FREE SPEECH ACTIVITIES. DEFENDANT RHODES REPEATEDLY THREATENED CLAIMANT BY STATING "SHE WAS GOING TO GET WITH DEFENDANT GLENN-EVELYN TO ASSURE CLAIMANT IS SENT TO LOCK UP!" DEFENDANT RHODES DID CONTACTED THE OFFICER ON UNIT 9'S POST ON OR ABOUT 6/12/24 AND ORDERED HIM TO TELL CLAIMANT "PER DEFENDANT RHODES HE BETTER COME SIGN THE SCDC FORM 19-69 (DISCIPLINARY REPORT AND HEARING RECORD); FOR THE 5/23/23 903 (TRAFFICKING, USE, AND/ OR POSSESSION OF NARCOTICS, MARIJUANA, OR UNAUTHORIZED DRUGS). CLAIMANT REFUSED TO BE SERVED; IN EFFORT TO AVOID FURTHER CONFLICT WITH DEFENDANT RHODES.

LEGAL

GRIFFIN-327735

2

STATEMENT OF FACTS C/A NO.



3) AFTER DEFENDANT RHODES' THREAT ON 6/14/23 CLAIMANT WAS AMBUSHED BLINDSIDED IN U9B-125 BY DEFENDANT JACKSON & BOLLICK, PRIOR TO COMPLYING WITH AN ORDERED NUDE STRIP SEARCH CLAIMANT ASKED "WHY IS HIS PROPERTY BEING INVENTORIED, AND WHAT'S GOING ON?" DEFENDANT JACKSON TOLD CLAIMANT "HE'S UNDER INVESTIGATION, AND HE'D EXPLAIN FURTHER DETAILS TO CLAIMANT; UPON COMPLETION OF THE INVENTORY." CLAIMANT DID POSSESSED A ROCK OF AGES TELEPHONE/ADDRESS CONTACT BOOK INSIDE HIS LEGAL BOX; WHICH WAS/IS AUTHORIZED PROPERTY, ACCORDING TO SCDC POLICY OP-22.03. DEFENDANTS JACKSON & BOLLICK REGULATED CLAIMANT AND ESCORTED HIM TO UNIT 9'S SALLY PORT. DEFENDANT BOLLICK WENT BACK TO U9B-125; WHILE DEFENDANT JACKSON TOOK CLAIMANT TO THE UPPER YARD MEDICAL ANEX. DURING THE WALK TO MEDICAL CLAIMANT AGAIN ASKED "WHAT'S THE REASON HE'S BEING INVESTIGATED?" DEFENDANT JACKSON TOLD CLAIMANT "HE'S NOT AT LIBERTY TO INFORM CLAIMANT OF THE INVESTIGATION." ONCE CLAIMANT WAS EVALUATED BY MEDICAL STAFF HE WAS HANDED OVER TO DEFENDANT GLENN-EVELYN. BEFORE HIS DETENTION IN RHU #48 CLAIMANT ASKED DEFENDANT GLENN-EVELYN ABOUT THE INVESTIGATION, YET SHE PROVIDED NO INFORMATION. CLAIMANT WAS NOT AFFORDED AN OPPORTUNITY TO REVIEW NOR SIGN SCDC FORM 19-67C ("RESTRICTIVE HOUSING PLACEMENT NOTIFICATION"). THIS IS COMMON PRACTICE AT TYGER RIVER.

4) ON 7/3/23 CLAIMANT WAS NOTIFIED VIA SCDC FORM 19-69 & SCDC FORM 19-29X ("INCIDENT REPORT") THAT A "HOME-MADE" WEAPON WAS FOUND IN HIS PROPERTY ON 6/14/24, AND HE'S CHARGED FOR 811 (POSSESSION OF A WEAPON). CLAIMANT ALSO FOUND OUT THAT THE 6/14/24 DETENTION STEMMED FROM A "TARGETED CELL SEARCH."

**LEGAL**

**GRIFFIN-327735**

STATEMENT OF FACTS  C/A NO.

5) ON 7/5/23 CLAIMANT APPEARED BEFORE DEFENDANT FOSTER THE 811 CHARGE. DURING CROSS-EXAM OF THE ACCUSER CLAIMANT WAS DENIED TO ASK QUESTION NO. 1 & 4 BY DEFENDANT FOSTER. DUE TO PARTIALITY BY DEFENDANT FOSTER CLAIMANT PLEAD GUILTY. DEFENDANT FOSTER FAILED TO DOCUMENT THAT SHE DENIED CLAIMANT CONFRONTATION QUESTIONS NOR HER REASON OF DENIAL ON SCDC FORM 19-69; CONTRARY TO HER OBLIGATION(S), AND THE GUIDELINES WITHIN SCDC POLICY OP-22.14 §9.7. CLAIMANT'S GRIEVANCE NO. TYRCI-0448-23 TO DEFENDANT NANCE WAS UNSUCCESSFUL.

6) CLAIMANT'S GRIEVANCE TYRCI-0443-23 TO DEFENDANT NANCE REGARDING HIS PLACEMENT IN THE RHU WITHOUT SCDC FORM 19-67 NOR SCDC FORM S-29 ("RHU PHD LOG") WAS UNSUCCESSFUL.

7) CLAIMANT'S GRIEVANCE TYRCI-0435-23 PROTESTING AGAINST DEFENDANT JACKSON & GLENN-EVELYN'S FAILURE TO NOTIFY HIM OF THE REASON(S) HE WAS PLACED UNDER INVESTIGATION WAS DENIED BY DEFENDANT NANCE & DAVIS; WITH NO CORRECTIVE ACTION(S) MADE.

8) ON OR ABOUT AUGUST 2023 CLAIMANT WAS RELEASED FROM RHU #48 TO U5A-103.

9) ON 9/10/23 CLAIMANT SENT ARTSM NO. 23-032237357 TO TYRCI'S SECURITY STAFF; IN REGARDS TO HIS MISSING PROPERTY. (ROCK OF AGES MINISTRY ADDRESS/PHONE BOOK) CLAIMANT REQUESTED THAT HIS PERSONAL PROPERTY BE SEARCHED FOR AND RETURNED TO HIM, YET TO NO AVAIL. AS OF 8/1/23 CLAIMANT WAS PLACED ON 60 DAYS "GRIEVANCE LIMITATION;" THEREFORE THE GRIEVANCE PROCESS WAS UNAVAILABLE.

**LEGAL**

GRIFFIN-327735

4

STATEMENT OF FACTS C/A NO.

10) ON 10/18/23 CLAIMANT APPEARED BEFORE DEFENDANT FOSTER FOR A 9/28/23 903 OFFENSE. PRIOR TO CLAIMANT'S HEARING DEFENDANT GLENN-EVELYN SEARCHED THE DISCIPLINARY HEARING ROSTER, THEN WHISPERED TO DEFENDANT WALL (ACTING BAILIFF). CLAIMANT & 2 OTHERS WERE SANCTIONED WITH 60 DAYS "DD" (DISCIPLINARY DETENTION); WHILE 5 OTHERS WHO WENT BEFORE DEFENDANT FOSTER WERE NOT, AND RETURNED TO GENERAL POPULATION. CLAIMANT & THE 2 OTHER PRISONERS WERE ESCORTED AND DETAINED WITHIN THE RHU; AT DEFENDANT GLENN-EVELYN'S REQUEST.

11) WHILE IN THE RHU CLAIMANT SENT ARTSM NO. 23-0328-0199 TO DEFENDANT FOSTER; IN ATTEMPT TO ADDRESS & CORRECT THE DISPARATE TREATMENT IN SANCTIONS BETWEEN CLAIMANT; THE OTHER 2 PRISONERS THAT WERE GIVEN "DD" TIME; IN CONTRAST TO THE 5 PRISONERS WHO WERE RETURNED TO THE GENERAL POPULATION FOR THE SAME 903 OFFENSE. DEFENDANT FOSTER REFERRED CLAIMANT TO DEFENDANT GLENN-EVELYN.

12) ON 10/23/23 CLAIMANT SENT ARTSM NO. 23-0328-4198 TO DEFENDANT GLENN-EVELYN; TO POSSIBLY RECTIFY THE DISPARATE TREATMENT SHE ORDERED AGAINST CLAIMANT & THE 2 OTHER PRISONERS; AS PUNISHMENT FOR THE 903 VIOLATION. DEFENDANT GLENN-EVELYN GAVE AN EXPLANATION IN HER DISPOSITION, YET FAILED TO MAKE ANY CORRECTIVE ACTION.

13) CLAIMANT'S GRIEVANCE TYRCI-0649-23 TO DEFENDANT NANCE & DAVIS WAS DENIED WITHOUT ANY CORRECTIVE ACTION TAKEN; AGAINST DEFENDANT FOSTER & GLENN-EVELYN.

**LEGAL**

**GRIFFIN-327735**

5

STATEMENT OF FACTS C/A NO.

14) ON OR ABOUT DECEMBER 2023 CLAIMANT WAS RELEASE FROM THE RHU TO UNIT 101.

15) DUE TO A 3/22/24 903 OFFENSE CLAIMANT APPLIED FOR THE SOBER LIVING UNIT (UNIT II).

16) IN OR ABOUT APRIL 2024 WHILE ASSIGNED TO UNIT 102A ON 4/22/24 CLAIMANT WAS APPROACHED BY DEFENDANT JACKSON. DEFENDANT JACKSON QUESTIONED "IF CLAIMANT IS A VALIDATED GANG MEMBER?" CLAIMANT ANSWERED "NO." DEFENDANT JACKSON THEN ORDERED CLAIMANT TO CONDUCT A NUDE STRIP SEARCH. AFTER THE STRIP SEARCH DEF. JACKSON RUMMAGED THROUGH UNIT 102A LOOKING FOR CONTRABAND. NO CONTRABAND WAS FOUND; BEFORE DEFENDANT JACKSON LEFT THE ROOM IN DISARRAY; FOR CLAIMANT & HIS ROOMMATE TO CLEAN.

17) ON 4/30/24 DEFENDANT WALL APPROACHED CLAIMANT & HIS ROOMMATE TO CONDUCT A CELL SEARCH. CLAIMANT WAS DEFENDANT WALL'S "TARGET," AND ORDERED TO CONDUCT A NUDE STRIP SEARCH; WHILE CLAIMANT'S ROOMMATE WASN'T. AFTER COMPLETION OF THE CELL SEARCH NO CONTRABAND WAS FOUND. DEFENDANT WALL THEN THREATHENED CLAIMANT BY STATING "IF YOU RIDING DIRTY I'LL BE BACK!"

18) AS CHIEF/HEAD OF "TYRCI's" SECURITY DEFENDANT GLENN-EVELYN WAS AWARE THAT DEFENDANT JACKSON & WALL'S 4/22 & 4/30/24 CELL SEARCHES PRODUCED NO CONTRABAND, YET SHE MADE NO CORRECTIVE ACTION; IN REGARDS TO THEIR TRAINING, AND HARASSMENT OF CLAIMANT.

19) IN OR ABOUT MAY 2024 CLAIMANT WAS ASSIGNED TO USB-216; UNTIL 8/26/24.

**LEGAL**

**GRIFFIN-327735**

6

STATEMENT OF FACTS C/A NO.

20) AFTER BEING RELEASED FROM RHU ON 8/29/24 CLAIMANT WAS ASSIGNED TO U2A-101.

21) IN OR ABOUT DECEMBER 2024 CLAIMANT WAS ASSIGNED TO U2A-111. WHILE HOUSED IN U2A-111 CLAIMANT FILED TYRCI-0965-24 TO DEFENDANT NANCE & DAVIS; IN REGARDS TO THE CONSTANT DEPRIVATION OF AN EDUCATIONAL OPPORTUNITY. CLAIMANT WAS ALSO PROSECUTING GRIFFIN V. DAVIS ET. AL. C/A NO. 0:23-CV-04086 PJG-MGL (MOTION TO DISMISS/SUMMARY JUDGMENT STAGES) AND TERRANCE GRIFFIN #327735 V. SCDC C/A NO. 2023-CP-42-040-58 (SPARTANBURG COUNTY); WITH FAVORABLE RESULTS. NONE OF THIS GRIEVANCES TO DEFENDANT CRUMLEY WERE CONFIDENTIAL; WHICH CAUSED ONGOING HARASSMENT, RULES VIOLATIONS, AND SANCTIONS BY THE "TYRCI" DEFENDANTS.

22) CLAIMANT'S GRIEVANCE TYRCI-0965-24 TO DEFENDANT NANCE & DAVIS WAS UNSUCCESSFUL, THUS DEPRIVING HIM OF A SECONDARY EDUCATIONAL OPPORTUNITY AND FUTURE EMPLOYABILITY.

23) SINCE BEING UN-ENROLLED FROM THE GED PROGRAM IN JAN. 2023, FROM AN EXCESSIVE USE OF FORCE INCIDENT (SEE GRIFFIN V. SCDC C/A NO. 2023-CP-42-04058) CLAIMANT HAS WRITTEN DEFENDANT CASH-GREENE SEVERAL TIMES REQUESTING TO ENROLL INTO ADULT EDUCATION AT "TYRCI," YET TO NO AVAIL.

24) CLAIMANT HAS BEEN OFFERED AN OPPORTUNITY TO ENROLL OR TAKE THE LSAT EXAM; VIA THE LEGAL REVOLUTION, LOCATED IN ST. PAUL MN. HOWEVER, DEFENDANT CASH-GREENE, NANCE, JAMES, NOR NC DUFFIE PROVIDE CLAIMANT WITH ANY EDUCATIONAL OPPORTUNITY. (SEE ATTACHED EXHIBIT)

25) ON 1/21/25 DURING THE P.M. SHIFT AN INMATE-ON-INMATE STABBING OCCURRED IN U2-219B. DEFENDANT MARTINEZ WAS THE SECURITY ON POST...

**LEGAL**

**GRIFFIN-327735**

7

STATEMENT OF FACTS C/A NO:

25) ...AFTER THE STABBING CLAIMANT WAS RETURNED TO U2A-111 OR U2A, AND C.R. (VICTIM) WAS TRANSPORTED TO THE F.I. CLAIMANT DID SUSTAIN SUBCONJUNCTIVAL HEMONRAGE TO HIS LEFT EYE, AND A PUNCTURE WOUND ABOVE HIS LEFT KNEE.

26) PRIOR TO THE STABBING INCIDENT CLAIMANT HAD: LEGAL DOCUMENTS IN A BRIEF FORM; IN THE CASE OF GRIFFIN V. DAVIS ET AL. C/A NO. 0:23-CV-0408U (I.E. STEP 1&2 GRIEVANCES, RESP'NS FROM RN REECE & NP PARDUE; MED- ICAL RECORDS, "MY PLATE" USDA GUIDELINES, & WILLIAM U. GUNN'S MEMO OF LAW), BUSINESS & LEGAL NOTES WRITTEN ON NOTEPADS, AND AN ADDRESS/PHONE CONTACT BOOK IN HIS PROPERTY; ON A TABLE NEAR THE LOCKER HE USED.

27) ONCE DETAINED IN RHU#5 CLAIMANT WAS APPROACH- ED BY S.L.E.D. AND AN OFFICE OF INSPECTOR GENERAL (OIG) AGENT; PERTAINING THE STABBING. PHOTOS OF HIS INJURIES WERE TAKEN, BEFORE CLAIMANT DECLINED TO COOPERATE WITH THEIR INVESTIGATION.

DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED; CONDITIONS OF CONFINEMENT; ACCESS TO THE COURT; EQUAL EDUCATIONAL OPPORTUNITY ACT; & INTRA- CORPORATE CONSPIRACY AGAINST "KERCI" DEFENDANTS

1) ON 1/24/25 CLAIMANT WAS EMERGENCY TRANSFERRED TO KERCI, AND HELD IN RHU#18. THE INTERIOR WALLS IN RHU#18 WERE SMEARED WITH FECES, OTHER HUMAN BODILY FLUIDS, AND FILTH. THERE'S NO IN-TAKE VENTILAT- ION SYSTEM TO FILTER THE ENVIORNMENTAL SMOKE. AN THE FLOOR CONTAINED WHAT APPEARS TO BE INSULATION OR DUST; COMING FROM THE OUT-TAKE VENTILATION. CLAIMANT WAS FORCED TO USE HIS PERSONAL HYGIENE ITEMS; DUE TO DEFENDANT SMITH & JAMES DEPRIVATION OF CELL CLEANSING.

**LEGAL**

GRIFFIN-327735

8

STATEMENT OF FACTS CIV. NO.

2) UPON RECEIVING SCDC FORM 19-2 (INMATE PROPERTY INVENTORY) AND INSPECTION OF HIS PERSONAL PROPERTY CLAIMANT DISCOVERED DEFENDANT MARTINEZ & MEYERS DISCARDED THE ITEMS/MATERIALS THAT WERE LOCATED ON THE TABLE NEAR THE LOCKER HE WAS USING, AND DESTROYED HIS LEGAL BOX. DEFENDANT HENDRIX CLOSED KERCF-0112-25 AND DEFENDANT CRUMLEY RETURNED TYRCF-0162-25, WHICH DEPRIVED CLAIMANT OF ANY POST DEPRIVATION REMEDY.

3) WHILE HOUSED WITHIN RHU #18 SEVERAL "KERCF" STAFF REPEATEDLY ASKED CLAIMANT "WHAT HAPPENED TO HIS LEFT EYE?" RN STEEL, RN McCLAIN, RN VOYER, RN RICE AND RN SPIRES ALL WITNESSED CLAIMANT'S INJURED LEFT EYE, NOTED HIS PAIN, AND NOTED HIS NEED OF TREATMENT. HOWEVER, DUE TO REGULAR STAFF SHORTAGE THE SICK CALL PROCEDURE IS UNAVAILABLE. ALL KERCF NURSING STAFF OPERATE(S) AT DEFENDANT BURNHAMS DISCRETION.

4) ON 1/27/25 CLAIMANT WAS NOTIFIED VIA SCDC FORM 19-49 THAT HE'S BEEN CHARGED FOR THE OFFENSES OF: 805 (HOSTAGE TAKING), 857 (ASSAULT & BATTERY OF AN INMATE WITH MEANS OR INTENT TO KILL), AND 811 (POSSESSION OF A WEAPON); FROM THE 1/21/25 INCIDENT.

5) DURING A FEB. P.M. PILL PASS RN McCLAIN INFORMED CLAIMANT THAT DEFENDANT BURNHAM SAID "HIS INJURY WILL DISSOLVE ON ITS OWN;" WITHOUT PROVIDING CLAIMANT ANY TREATMENT.

6) ON 2/11/25 CLAIMANT APPEARED BEFORE DEFENDANT HOUGH FOR THE 805, 857, & 811 CHARGES. DUE TO HIS REFUSAL TO SIGN SCDC FORM 19-49 HE WAIVED HIS RIGHT TO CROSS-EXAM THE ACCUSER. AS THE HEARING PROCEEDED DEFENDANT HOUGH DENIED CLAIMANT TO VIEW THE 1/21/25 CAMERA FOOTAGE. PER DEFENDANT PATTERSON "INSTITUTIONAL CAMERA FOOTAGE IS A MANAGEMENT TOOL." DEFENDANT HOUGH ADMITTED SHE DIDN'T VIEW CLAIMANT. **LEGAL**

**GRIFFIN-327735**

9

STATEMENT OF FACTS C/A NO.

6) ... "TAKE NOR HOLD" C.R. HOSTAGE. DEFENDANT MEYERS REPORT OMITTED CLAIMANT'S INJURIES; WHILE ADMITTING THAT "A HOMEMADE WEAPON WRAPPED IN BLOODY BLANKETS" WAS FOUND IN C.R.'s PROPERTY. CLAIMANT WAS INTENTIONALLY CHARGED FOR THREE LEVEL 1 (MAJOR) OFFENSES, AND NOT THE MINOR CHARGE OF 828 (OUT OF PLACE); TO CONCEAL THE BREACH OF SECURITY BY DEFENDANT MARTINEZ, MEYERS, GLENN-EVELYN, AND NANCE. CLAIMANT PLEAD NOT GUILTY DUE TO BEING A VICTIM, AND THE SALIENT PROCEDURAL ERRORS. DEFENDANT HOUGH SANCTIONED CLAIMANT WITH THE LOSS OF: 90 DAYS TABLET RESTRICTION (NO ACCESS TO EDUCATIONAL PROGRAMS), 240 DAYS NO CANTEEN, 240 DAYS NO VISITS, 240 DAYS NO PROPERTY, 60 DAYS DD TIME AND 5 MONTHS LOSS OF GOOD TIME. DEFENDANT HOUGH FAILED TO FACTOR IN THAT CLAIMANT HAD NO PREVIOUS HISTORY OF AN 805 NOR 857 CHARGE.

7) CLAIMANT'S GRIEVANCE: KERCI-0095-25, KERCI-0096-25, AND KERCI-0097-25 TO DEFENDANT JAMES & DAVIS WERE "RUBBER-STAMPED" DENIED. DEFENDANT JAMES & DAVIS FAILED TO CORRECT THE PROCEDURAL ERRORS AND DISPROPORTIONAL SANCTIONS DONE BY DEFENDANT HOUGH. (SEE ATTACHED EXHIBITS)

8) DURING THE 30 DAY LEGAL DEADLINE FOR CLAIMANT TO FILE A NOTICE OF APPEAL IN CASES NO. 65 (KERCI-0095-25), 66 (KERCI-0096-25), & 67 (KERCI-0097-25) DEFENDANTS HENDRIX, AMASON, AND JAMES REFUSED TO MAKE LEGAL COPIES OF CLAIMANT'S FINAL DECISIONS; AS A RESULT CLAIMANT WAS DEPRIVED OF ACCESS TO THE ADMINISTRATIVE LAW COURT (ALC). CLAIMANT DID SEND THE DEFENDANTS ARTISANS IN ADVANCE OF HIS LEGAL DEADLINE.

**LEGAL**

**GRIFFIN-327735**

10

STATEMENT OF FACTS C/A NO.

9) ON 2/18/25 DEFENDANT WHEATON, JOHNSON, DAVIS, JONES, AND SMITH ATTEMPTED TO CONDUCT A SECURITY DETENTION (SD-EXTENDED RHU PLACEMENT) HEARING WITHOUT PROVIDING CLAIMANT WITH 48 HOUR ADVANCE NOTICE. CLAIMANT REFUSED TO BE HEARD; UNTIL SERVED WITH PROPER WRITTEN NOTICE. LATER THAT DAY CLAIMANT WAS SERVED WITH 48 HOUR ADVANCED WRITTEN NOTICE.

10) ON 2/20/25 CLAIMANT APPEARED BEFORE DEFENDANT: WHEATON, JOHNSON, DAVIS, JONES, AND SMITH (KERCI MULTIDISCIPLINARY REVIEW TEAM) FOR A SD RECOMMENDATION. CLAIMANT PRESENTED THE FACT THAT: (1) THE 1/21/25 STABBING DIDN'T OCCUR AT KERCI; (2) HIS INJURIES WERE OMITTED FROM DEFENDANT MEYERS' REPORT; (3) CLAIMANT WAS FOUR MONTHS WITHOUT A DISCIPLINARY; PRIOR TO 1/21/25; AND (4) THE "TYRCI" & KERCI DEFENDANTS SUBJECTING HIM TO MULTIPLE PUNISHMENTS FOR THE 1/21/25 INCIDENT. ALL FIVE DEFENDANTS "CONCURRED" TO CLAIMANT BEING PLACED UNDER SD STATUS. CLAIMANT RECEIVED NO WRITTEN NOTICE OF WHOM AT CENTRAL CLASSIFICATION APPROVED HIS SD STATUS.

11) ON 2/24/25 CLAIMANT WROTE A PAPER RSTM TO DEFENDANT JONES; REGARDING THE INHUMANE LIVING CONDITIONS OF THE RHU. HOWEVER, DEFENDANT JOHNSON REJECTED CLAIMANT'S RSTM. DEFENDANT JONES OFTEN ALLOW POLICY VIOLATIONS TO GO UNCHECKED. (SEE ATTACHED EXHIBIT)

12) ON 2/25/25 DEFENDANT JOHNSON VERBALLY NOTIFIED CLAIMANT THAT HIS CUSTODY WAS REDUCED FROM MEDIUM TO CLOSE; BY CENTRAL CLASSIFICATION. DEFENDANT JOHNSON REFUSE TO DISCLOSE WHO APPROVED THE REDUCTION OF HIS CUSTODY. CLAIMANT FILED KERCI-0125-25 APPEALING THE CUSTODY REDUCTION, YET WAS UNSUCCESSFUL. CLAIMANT'S NOTICE OF APPEAL (TERRANCE GRIFFIN #327735 V.

11

STATEMENT OF FACTS C/X NO.

12) ... SCDC CASE NO. 25CO230) IS PENDING WITHIN THE ALC. (SEE ATTACHED EXHIBIT)

13) WEEKS PASSED WITHOUT CLAIMANT RECEIVING TREATMENT FOR THE SUBCONJUNCTIVAL HEMORRHAGE TO HIS LEFT EYE, CAUSING HIM EXCRUCIATING PAIN. RN STEEL, RN MCCLAIN, RN VOYER, AND RN RICE REPEATEDLY TOLD CLAIMANT THAT "DEFENDANT BURNHAM IS UNAVAILABLE, AND SICK CALL PROCEDURE CAN'T BE CONDUCTED DUE TO STAFF SHORTAGE."

14) SINCE JAN. OR FEB. CLAIMANT REQUESTED THE ALTERNATE (VEGAN) DIET VIA KERCI CHAPLAIN SERVICES. CLAIMANT IMMEDIATELY RECOGNIZED: (1) UNDERSIZE/ MINOR FOOD PORTIONS; (2) COLD-INEDIBLE FOOD ITEMS BEING SERVED; (3) OVER 14 HOURS DELAY BETWEEN THE SERVICE OF DINNER TO BREAKFAST ON FRIDAYS-SUNDAYS; (4) FOOD ITEMS WITH FOREIGN OBJECTS; (5) THE CONSTANT USE OF STYROFOAM TRAYS; WHICH MINIMIZES THE SERVING SIZE; (6) THE LACK OF NUTRITIONAL VALUE; AND (7) THE ADVERSE PHYSICAL EFFECTS OF KERCI'S FOOD SERVICE(S) TO CLAIMANT'S HEALTH. THE VITAMIN D2 (50,000 UI) 1.25MG CAPSULES DID NOT TREAT CLAIMANT'S LOW BMI.

15) IN MARCH 2025 CLAIMANT WROTE THE S.C. DEPT. OF LABOR, LICENSING, & REGULATION(S); TO POSSIBLY CORRECT THE DEPRIVATION OF MEDICAL TREATMENT BY Px BURNHAM.

16) ON OR ABOUT 3/19/25 CLAIMANT WAS ASSESSED AT SICK CALL BY RN RICE. CLAIMANT'S WEIGHT WAS RECORDED AT 136 LBS; A 10 LB DECREASE FROM JANUARY.

17) ON 3/26/25 CLAIMANT RECEIVED SCDC FORM 19-222A VIA DEFENDANT JOHNSON. THE SCDC FORM 19-222A NOTIFIED HIM OF: (1) THE SD ORIENTATION, (2) HIS INMATE ADJUSTMENT PLAN; (3) THE SD BEHAVIOR LEVELS; (4) HIS NEXT SD REVIEW WAS SCHEDULED...

12

STATEMENT OF FACTS C/A. NO.

17) ...FOR 6/16/25, AND THE NOTICE WAS SIGNED BY DEFENDANT JOHNSON & MACKEY.

18) CLAIMANT FILED KRCI-0206-25 APPEALING THE SD PLACEMENT, YET DEFENDANT HENDRIX RETURNED IT; ALLEGING "DUPLICATE TO KRCI-0125-25." CLAIMANT SENT ARTSM NO. 25-03886967 TO DEFENDANT HENDRIX EXPLAINING THE DISTINCTION BETWEEN KRCI-0125-25 & KRCI-0206-25, YET TO NO AVAIL (SEE ATTACHED EXHIBIT)

19) CLAIMANT HAVE SENT NUMEROUS ARTSMs AND ATTEMPTED TO SEND A PAPER RTSM TO DEFENDANT HENDRIX'S SUPERVISOR (FELECIA MCKIE); PERTAINING DEFENDANT HENDRIX'S MACHINATION OF GRIEVANCE ISSUES, YET STILL TO NO AVAIL.

20) SINCE CLAIMANT'S HOUSING WITHIN KRCI'S RHU HE SENT ARTSM NO.S: 25-03854952, 25-03855060, 25-03910882, 25-03911839, 25-03923866, 25-03935419-04, 25-03958494, 25-03988662, 25-03988665, AND 25-03912373; TO EITHER DEFENDANT NAJIB, OWEN, MC-DUFFIE OR JAMES; REGARDING THE DEFICIENCIES OF KRCI'S FOOD SERVICE(S) DESCRIBED IN PARAGRAPH 14. CLAIMANT'S CONCERNS HAVE GONE UNANSWERED OR UNRESOLVED FOR MONTHS, BY THESE DEFENDANTS.

21) DEFENDANT OWEN, NAJIB, MCDUFFIE AND JAMES ARE RESPONSIBLE FOR: (1) OVERSEEING THE OPERATIONS OF KRCI'S CAFE; (2) ENSURING THAT THE KRCI'S CAFE COMPLIES WITH ALL APPLICABLE POLICIES & REGULATIONS; AND (3) HANDLING ANY OR ALL FOOD RELATED COMPLAINTS AT KRCI.

22) DUE TO DEFENDANTS OWEN, NAJIB, MCDUFFIE, AND JAMES' FAILURE TO TAKE ANY CORRECTIVE ACTION WITH KRCI'S INHUMANE FOOD SERVICES CLAIMANT'S WEIGHT WAS DECREASED FROM 146 LBS (JAN.) TO 136 LBS (3/19/25) TO 124 LBS (5/14/25) TO 121 LBS (6/9/25).

13

STATEMENT OF FACTS CIX NO.

23) DESPITE THE VISIBLE & RECORDED DETERIORATION OF CLAIMANT'S HEALTH DEFENDANT BURNSIDE REFUSES OR CONSCIOUSLY DELAY TO PROVIDE CLAIMANT WITH ANY MEDICAL TREATMENT FOR HIS CONSTANT WEIGHT LOSS, HUNGER PAINS, AND LOW BMI. CLAIMANT'S ARTONS TO STACIE HARRIS (MEDICAL CONCERNS) ARE TO NO AVAIL.

24) SINCE CLAIMANT'S HOUSING WITHIN KERCI'S RHU HE WAS PLACED EITHER DEFENDANT SMITH OR JAMES ON NOTICE VIA ARTON NO. 25-08 83032, 25-0820-934, AND 25-08954350; PERTAINING THE DEPRIVATION OF CELL CLEANING. HOWEVER THESE DEFENDANTS FAIL TO MAKE ANY CORRECTIVE ACTION. THE DEFENDANTS REFUSAL TO PROVIDE CELL CLEANING POSES A RISK OF FUTURE HARM TO CLAIMANT AND THOSE SIMILARLY SITUATED.

25) WHILE HOUSED WITHIN KERCI'S RHU FOR FIVE MONTHS DEFENDANT MEEKS & SMITH HAVE ONLY AFFORDED CLAIMANT AND THOSE SIMILARLY SITUATED OUTSIDE RECREATION ONCE. ALTHOUGH CLAIMANT PLACED THESE DEFENDANTS ON NOTICE VIA ARTON NO. 25-0841682 & 25-08054180 THEIR DEPRIVATION OF OUTSIDE RECREATION CAUSE(S) CLAIMANT TO INHALE ENVIRONMENTAL SMOKE, INHALE DUST OR INSULATION BLOWING THROUGH THE OUT-TAKE VENTILATION SYSTEM DAILY, RECEIVE NO FRESH AIR, NOR RECEIVE NATURAL SUNSHINE

26) ON 6/9/25 THE KERCI'S MULTIDISCIPLINARY REVIEW TEAM (I.E. DEFENDANTS JOHNSON, COTTON, DAVIS, & SMITH) MET FOR AN UNSCHEDULED SD REVIEW. AFTER PRESENTING TO THESE DEFENDANTS THAT: (1) CLAIMANT HAS REFRAIN FROM VIOLENCE, THREATS, AND AGGRESSION FOR 120 DAYS, ACCORDING TO HIS "INMATE ADJUSTMENT PLAN"; (2) THAT HE'S DEPRIVED OF ANY PROGRAMMING DUE TO KERCI

STATEMENT OF FACTS C/X NO.

26) ... RHU HOUSING; AND (3) THE FACT THAT HIS INJURIES HAVE BEEN OMITTED. ALL OF THE DEFEND-ANTS "CONCURRED" WITH CLAIMANT REMAINING UNDER SD STATUS. DEFENDANT SMITH DETERMINED THAT "CLAIMANT MUST REMAIN 12 MONTHS DISCIPL-INARY INFRACTION FREE, IN ORDER TO BE RELEASED FROM SD CUSTODY." DEFENDANTS JOHNSON, COTTON, AND DAVIS MIMICKED DEFENDANT SMITH'S (UNWRITTEN) DETERMINATION IN FEAR OF CORRECTIVE ACTION. WHEN CLAIMANT ASKED DEFENDANT "SMITH" WHAT SCDC POLICY CORROBORATES HIS DETERMINATION?" DEFENDANT SMITH SAID "THAT'S HOW WE (RHU/RCI POLICY) DO IT." CLAIMANT HAS YET TO RECEIVE WRITTEN NOTICE OF WHOM AT CENTRAL CLASSIFICATION APPROVED HIS CONTINUED SD PLACEMENT.

PRAYER FOR RELIEF

WHEREFORE, CLAIMANT PRAYS THAT THIS COURT GRANT(S) THE FOLLOWING RELIEF:

(A) INJUNCTIVE RELIEF AGAINST DEFENDANT BURN-HAM TO PROVIDE CLAIMANT ADEQUATE TREATMENT FOR HIS WEIGHT LOSS & LOW BMI;

(B) INJUNCTIVE RELIEF AGAINST DEFENDANTS: MC-DUFFIE, NAJIB, OWEN, & JAMES TO CEASE SERVING RHU MEALS IN/ON STYROFOAM TRAYS;

(C) INJUNCTIVE RELIEF AGAINST DEFENDANT NANCE & GLENN-EVELYN TO RETURN CLAIMANT'S PERSONAL CONTACT BOOKS; THAT WERE CONFISCATED ON 4/14/24 & 1/21/25;

(D) INJUNCTIVE RELIEF AGAINST DEFENDANT NAJIB & OWEN TO SERVE ADEQUATE NUTRITIONAL PORTIONS TO THE RHU;

(E) INJUNCTIVE RELIEF AGAINST DEFENDANT CASH-GREERS & MCDUFFIE TO PROVIDE CLAIMANT AN ADULT EDUCATION;

15

PRAYER FOR RELIEF CTX NO.

(F) INJUNCTIVE RELIEF AGAINST DEFENDANT DAVIS TO CEASE WIDESPREAD ENFORCEMENT OF "INSTITUTIONAL" POLICIES;

(G) INJUNCTIVE RELIEF AGAINST DEFENDANTS: DAVIS, PATTERSON, & MACKEY TO PROVIDE CLAIMANT AND THOSE SIMILARLY SITUATED: (1) WRITTEN NOTICE OF SD APPROVALS OR DENIALS; (2) 48 HOUR ADVANCE WRITTEN NOTICE (3) ACCESS TO PROGRAMS; AND SD LEVEL ADVANCEMENT NOTICE;

(H) INJUNCTIVE RELIEF AGAINST DEFENDANT DAVIS, PATTERSON & THE "KERCE'S" DEFENDANTS NOT TO SUBJECT CLAIMANT TO ANY RETALITORY ACTIONS FOR BRINGING THIS SUIT;

(I) INJUNCTIVE RELIEF AGAINST DEFENDANTS MEEKS, SMITH & JAMES TO PROVIDE CLAIMANT AND THOSE SIMILARLY SITUATED WITH REGULAR/ROUTINE CELL CLEANING & OUTSIDE RECREATION;

(J) A JURY TRIAL ON ALL TRIABLE ISSUES;

(K) COMPENSATORY DAMAGES IN AN AMOUNT DETERMINED BY A JURY;

(L) PUNITIVE DAMAGES AGAINST ALL DEFENDANTS IN AN AMOUNT DETERMINED BY A JURY;

(M) COSTS INCURRED IN BRINGING THIS SUIT; AND

(N) ANY FURTHER RELIEF THIS COURT MAY DEEM JUST & PROPER.

JULY 2, 2025
KERSHAW, SC

RESPECTFULLY SUBMITTED,
UCC 1-207/1-308
Ex Rel. Terrance Griffin
EX REL. TERRANCE GRIFFIN
PRO PER. CLAIMANT
4848 GOLD MINE HWY
KERSHAW, SC 29067

16